Stevens *v.* Legrow.

---

Isaac Stevens, in Equity, *versus* Rufus Legrow.

The estate, right, title and interest which any person has by virtue of a bond, or contract in writing, to a conveyance of real estate upon conditions by him to be performed — which by St. 1829, c. 431, is to be sold on execution like an equity of redemption, must be truly described in the return and deed of the officer selling on execution — else nothing will pass.

Where such right, title and interest, was described as an equity of redemption by the officer, the proceedings were held fatally defective.

This was a bill in equity, and was heard on bill and demurrer.

The decision having reference only to the plaintiff's title, the facts in the bill relating thereto are alone reported.

On the 3d day of May, 1837, one Nehemiah Varney owed the defendant, and Asa and William Legrow, the sum of two hundred and thirty-seven dollars. Varney at this time wished the defendant to sign a note with him as security, to the town of Windham, for the sum of two hundred dollars —

and proposed, that Timothy Varney, who held the estate in dispute in trust for him, should convey the same to the defendant in mortgage to secure him for what was due from Nehemiah Varney, and for his liabilities as surety for the note before referred to. The defendant refused to take a. mortgage, but proposed instead thereof, to take an absolute deed, and give back a written agreement which should not operate as a defeasance, to convey said land back, if said Nehemiah should pay him the amount of $237 in one year, and save him harmless from the $200 note — to which Nehemiah agreed, and Timothy Varney conveyed the premises to the defendant, who discharged said Nehemiah from the $237 then due, and at the same time signed the note for $200 as surety, giving back to Nehemiah a writing in the following words: —

" Windham, May 3, 1837.

" I, Rufus Legrow, agree with Nehemiah Varney to give him one year to pay $237, which is part of a consideration of a deed in which I paid to Timothy Varney this day, and in case the above named Nehemiah Varney pays the above named sum in one year, and clear me and Asa Legrow, from a certain note of hand in which we signed with him to the Inhabitants of Windham, for the sum of $200 on demand, in one year, then I further agree to give the said Nehemiah a deed of the premises on which he now lives.        Rufus Legrow."

Said Nehemiah Varney being indebted to the plaintiff, he, on the 9th of April, 1839, sued out a writ against him, returnable to the District Court, June Term, 1839, on which was attached all the said Nehemiah's " right, title, interest, estate, claims and demand of every name and nature," &c.

Said writ was duly entered, and judgment rendered at said June Term, for the plaintiff, for the sum of $1020,34 debt, and $4,91 cost, and the execution thereon issued, was placed in the hands of a deputy sheriff who, on July 24, 1839, made return, that by virtue of said execution, he had seized " all the right in equity which the within named Varney had of redeeming" the premises in dispute, describing them fully in his return, and having pursued the requirements of law in selling equities of

redemption that he sold to the plaintiff in this action the right in equity of said Nehemiah to redeem, and had made, executed, acknowledged, and delivered a good and sufficient deed of said right in equity to redeem.

*S. Fessenden,* for the defendant, referred the Court to St. 1829, ch. 431, and insisted that this statute related only to rights by virtue of a contract — and those rights were totally different from a right in equity of redemption — that they must be seized, advertised and sold as such right — and that they could not be sold under the name of an equity in redemption, which they were not — and the seizure and proceedings subsequently thereto being erroneous — no title passed to the plaintiff. To the point that the statute confirming equity powers had not enlarged the power of the Court over mortgages, he referred to *French* v. *Sturtivant,* 8 Greenl. 246.

*W. P. Fessenden,* for the plaintiff, to the point that the party interested is the person in whose name the bill should be brought, cited *Jameson* v. *Head,* 14 Maine R. 34; Story on Equity Pleading, 147.

N. Varney had an attachable interest by virtue of St. 1829, c. 431, § 1. That interest was attached. When sold on execution, the statute directs it to be sold like an equity of redemption. It is an equitable interest and to be sold like an equity. It was sold as an equity because, if an equity had existed and it had been advertised as a right &c., under a contract, nothing would pass — But advertising and selling it as an equity — as every greater includes the less — the lesser estate — if such were the interest actually existing, passes. By calling it an equity the real interest of the party is not thereby forfeited or lost.

The opinion of the Court was delivered by

WESTON C. J. — Nehemiah Varney, at the time of the plaintiff's attachment, had no equity of redemption in the premises in controversy, Varney and the defendant not standing in the relation of mortgagor and mortgagee; and this

is conceded by the counsel for the plaintiff. If Varney had any tangible attachable interest, it must have arisen under the contract of the defendant to convey to him, upon certain conditions. This has been held to be a mere personal right, and not a vested interest or seizin in the land. *Shaw* v. *Wise*, 1 Fairf. 113.

The plaintiff having caused to be attached every claim or demand, which Varney had in the county of Cumberland, these terms are broad enough to embrace his right under the contract, in virtue of the st. of 1829, c. 431. But in order to make the attachment effectual, this right must have been seized and sold upon the execution, which issued on the plaintiff's judgment. Upon such a seizure and sale, the statute requires, that the same notice shall be given, and the same proceedings had, as are provided by law, upon sale on execution of an equity of redemption. But it does not prescribe, that the right sold should be described as a right in equity to redeem. This would be to deceive and mislead the debtor and such persons as might desire to become purchasers. No such right in fact existing, either upon the record or otherwise, few would be induced to purchase, and the chance of obtaining the fair and just value of the right intended to be sold would necessarily be impaired. And, in our opinion, in order to render such seizure and sale legally effectual, the nature of the right taken, should be truly described in the notifications and advertisement, and the deed, executed by the officer. This not having been done, but a different interest described, the plaintiff has failed to show a title in his bill, which is adjudged insufficient upon the demurrer thereto, and the defendant is allowed his costs.